## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**BORIS ZAVADOVSKY,**
**ELENA DVOINIK**

**vs.**

Case: 1:24–cv–01997    JURY DEMAND
Assigned To : Contreras, Rudolph
Assign. Date : 7/10/2024
Description: Pro se. Gen. Civ. (F–Deck)

**KIMBERLY CHEATLE**
**In her official capacity**

**UNKNOWN USSS's AGENT**
**JOHN DOE**
**In her personal and official capacity**

**JURY DEMAND**

**MARIO RABL,**
**In his personal capacity**

**SUSANNE HOFLINGER,**
**In her personal capacity**

### PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF FIFTH AMENDMENT EQUEL PROTECTION RIGHTS, DUE PROCESS RIGHTS AND PRIVACY RIGHTS (by government Defendants) ; FRAUD and DEFAMATION (by private Defendants.)

### I.     INTRODUCTION.

1. Plaintiffs Boris Zavadovsky and Elena Dvoinik file this Verified Complaint

   against Defendants and allege that Defendants Rabl and Hoflinger, Austrian law

ranking police officers[1] , after the Plaintiffs refused to pay bribe to them, on October 1, 2021, contacted via cellphone and/or videoconference Defendant John Doe, their German speaking buddy, employed by U.S. Secret Service; Rabl and Hoflinger had transmitted to her on her official U.S. Secret Service e-mail self-produced in Microsoft Word and Excel, false electronically stored copies (or listings) of medical invoices and/or receipts, bills from 9 U.S. persons[2] contained some Plaintiffs' personal data. Rabl and Hoflinger had made a false statement to the John Doe maliciously accusing Plaintiffs (persons with national origin distinct from the U.S.,) in alleged "production of U.S. invoices/bills/receipts with the purpose to deceive unknown IRS and unknown insurance companies." Defendants Rabl and Hoflinger asked Defendant John Doe to contact 9 U.S. persons in states New York and Florida, and to gather information, namely, to obtain the confirmation that these persons had not previously issued invoices/receipts/bills to Plaintiffs. Defendants Rabl and

---

[1] Boris Zavadovsky worked as an ER physician under the contract with U.S. Government in U.S. Military Hospital in Nuremberg, Germany (1982-1994) and Landstuhl, Germany (1994-2017), retired in 2017 and with his wife Elena Dvoinik become U.S. Legal Permanent Resident (SE 1; SE 2) in 2018. Mario Rabl and Susanne Hoflinger in July-August 2021 had stolen from Plaintiffs' Austrian house Plaintiffs access data to personal and business internet accounts and emails—including access to Zavadovsky's U.S. military e-mail, which granted access to data bank, contained personal information of U.S. military active duties and their family members—personal documents and valuable property from Plaintiffs' Austrian house, extorted money from Plaintiffs for the return of property and threatened with retaliation if the Plaintiffs will refuse to pay. See *Dvoinik v. Philipp*, M.D. Fla, 8:22-cv-01127 (2023), dismissed as barred by state doctrine, 11th CA affirmed,

[2] BARNES &NOBLE (NY, FL, other states), DEPARTMENT OF ORTOPEDIC SERGERY (NY), EDWARD DEINER (FL), HOSPITAL FOR JOINT DISEASES (NY), INTERFAITH MEDICAL CENTER (NY), HOTEL BEACON (NY), LANDSTUHL REGIONAL MEDICAL CENTER (GERMANY, NY), NATHAN HERSHKOWITZ (NY) , NEW YORK UNIVERSITY (NY)

Hoflinger produced these false invoices/receipts/bills with the purpose to maliciously accuse Plaintiffs in Austria in <u>intent to commit insurance and tax fraud. (</u>Since the Plaintiffs even not attempted to deceive IRS or insurance companies.<u>)</u>

2. The Defendants Rabl and Hoflinger performed neither official request for mutual assistance in criminal matters (from Austrian Central Authority to U.S. Central Authority under U.S.-Austrian Mutual Legal Assistance Treaty or U.S.-E.U. MLAT (2003)) nor any other official request.

3. Although the request was obviously unlawful, and Defendant John Doe had known or should had known that it is prohibited to serve foreign police officers in such matters, without Attorney General's office directions and U.S. Secret Service, as an federal government agency, has no power and authority to investigate authenticity of medical records and invoices of individuals in Florida and New York, as well as in other states (10th Amendment), and such "investigations" would be a violation of 10th Amendment and 5th Amendment's due process rights and fundamental rights on privacy; she agreed to accomplice the Defendants Rabl and Hoflinger, to violate the U.S. Constitution, to contact 9 U.S. persons, to spread information about former U.S. governmental employee Zavadovsky and his wife, both U.S. Lawful Permanent Residents, received

from unreliable source—foreign police officers—to U.S. persons, to gather information and to convey this information to foreign police officers.

4. The Defendant John Doe—in violation of 10th Amendment and Plaintiffs' 5th Amendment's rights on due process and privacy—contacted at least some of 9 U.S. persons in Florida and New York and conveyed at least on November 17, 2021, to the Defendants Rabl and Hofinger via email, the response, received from Hotel Beacon, New York, NY with own John's Doe inaccurate defamatory statement about Boris Zavadovsky.

5. Defendant Rabl, allegedly based on the information, received from the Defendant John Doe, maliciously accused Plaintiffs in Austria in "forgery of U.S. doctors' prescriptions with the purpose to print them out and unlawfully enriched themselves" and in using the allegedly false invoice of Miami optometrist for committing insurance fraud in Vienna in 2020 with damages 752 EURO."

6. Defendant Rabl succeeded in July 2022 the initiation of criminal investigation against Dvoinik and Zavadovsky for alleged "forgery of U.S. doctors' prescriptions with the purpose to print them out and unlawfully enriched themselves" and in using the allegedly false invoice of Miami optometrist for committing insurance fraud in Vienna with damages 752 EURO," In Austria and placed Dvoinik and Zavadovsky on Austrian wanted list.

7. As a result, Plaintiffs were not able to travel to Austria and to maintain their house, due to the reasonable fear of malicious persecution, the house was foreclosed, and the Plaintiffs suffered at least ca. $770000 damages only for loss of the house. Plaintiffs were unable to work and to earn money in Florida, where they have had their domicile, since the business and educational documents have been continuing to be withheld by Austrian Authorities without any reason (see related case *Dvoinik v. Republic of Austria*, 8:22-cv-01700, M.D. Fla.). Plaintiffs also suffered irreparable reputational harm, since Defendants Rabl and Hoflinger maliciously accused them in criminal offences, which the Plaintiffs did not commit.

8. Plaintiffs filed extraterritorial RICO complaint against Rabl, Hoflinger et al, and defamation complaint against Rabl and Hoflinger.[3]

9. Rabl and Hoflinger since May 2022 have been made through their attorney Mr. Dale Webner multiple sworn defamatory fraudulent statements to the federal courts insisting that Plaintiffs had electronically prepared forgeries (of 9 U.S. persons invoices/receipts and bills) with the purpose to deceive the courts and the public, that Plaintiffs were allegedly not medically treated by Miami optometrist on June 6, 2019, but forged his invoice, deceived the insurance

---

[3] See *Dvoinik v. Philipp*, M.D. Fla, 8:22-cv-01127 (2023.), dismissed as barred by state doctrine, 11th CA affirmed. ; See Dvoinik v. Rabl, S.D. Fla, 1:22-24226 (2024), The appeal 24-10753 is pending in 11th CA.

company in Vienna and unlawfully enriched themselves on EURO 752., and that "a U.S. agency on the basis of a request for mutual international police assistance submitted by the competent Austrian authority" allegedly investigated all facts listed above and allegedly reported the results to the Austrian police, etc.

10. All these statements are deliberately false.

11. At the first time on November 9, 2023, the Defendants' Rabl and Hoflinger co-counsel Elke Rolff (so called Austrian trusted lawyer in U.S. who have been serving as a foreign agent under the Florida bar license in the entire U.S. her foreign principal, Austrian government, who was never participate in U.S. litigations, and who have been violating the criminal FARA provisions at least from 2015) stated to the court and to Zavadovsky and Dvoinik in her sworn answers to interrogatories that mentioned above "U.S. Authority" appears to be U.S. Secret Service.

12. Plaintiffs requested on December 14, 2023, all information regarding to themselves and alleged investigations against them by U.S. Secret Service under FOIA, and received on December 20, 2023, the answer "NO RECORDS."

13. Plaintiffs learned at the first time about the Defendants' Rabl and Hoflinger contacts with USSS agent Defendant John Doe (on October 1, 2021, and

November 17, 2021) from the corrected copy of e-mail correspondents, which Rabl's and Hoflingers' attorney Dale Webner filed with the Southern District Court of Florida on January 10, 2024.

14. On **January 10, 2024**, Rabl and Hoflinger stated to the S.D. Fla: "It was confirmed by Defendant Rabl and U.S. Secret Service that the investigations in Florida and other states were conducted by the Secret Service, not Defendants [Rabl, Hoflinger] . . . Finally, and most importantly, the U.S. Secret Service has confirmed that they, not Defendants, personally conducted the subject investigations."

15. At least 3 from 9 U.S. persons, Dr. Nathan Hershkowitz, NYU, Hotel Beacon, are denying the fact that <u>any person</u> had ever contacted them in regard of Plaintiffs.

16. United States Secret Service breached its constitutional obligations by omitting to prevent its employees' discriminatory actions (classification the Plaintiffs as persons with national origin distinct from U.S., because if the Plaintiffs would by U.S. citizen *jus soli*, the Defendant John Doe would refused to interfere of Plaintiff's privacy and violate their due process rights) and suspect them in criminal activity based solely on this ground without this suspicion to be reasonable; **from October 1, 2021 until November 17, 2021**, or longer, interfered of Plaintiffs' privacy, granted by 5th Amendment of the U.S.

constitution and Art I, § 23 Florida Constitution in conjunction with 10th Amendment, and violated the Plaintiffs 5th Amendment due process right. The Plaintiffs learned at the first time about this fact **on November 9, 2023**; and more detailed on **January 10, 2023**, as they stated above.

## JURISDICTION & VENUE

17. The civil action against Defendants Cheatle and Doe raises federal questions under the United States Constitution, particularly the Fifth Amendment, and the *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

18. This Court has authority to award the requested damages pursuant to *Bivens*; the requested declaratory relief pursuant to 28 U.S.C. §§ 2201–02 analog; the requested injunctive relief and costs and attorneys' fees under 42 U.S.C. § 1988 analog.

19. This Court has diversity jurisdiction upon Defendants Rabl and Hoflinger under 28 U.S.C. §1332 since the amount in controversy in this case significantly exceed $75000, Plaintiffs are citizens of the U.S. and have their domicile in Florida, the Defendants Rabl and Hoflinger are Austrian citizens and have no domicile in the United States.

20. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because there is no district where all defendants reside, and substantial part of the events or omissions described in this Complaint occurred in this district. (Austrian defendants contacted Washington D.C. defendant directly via e-mail, Defendant Doe, while aiding fraud and defamation to Austrian defendants, contacted U.S. persons in Florida and in New York from her official U.S. Secret Service e-mail, (D.C.) Defendant Cheatle omitted to control and supervise her employee, John Doe agent, in Washington D.C.)

## PLAINTIFFS

21. **Boris Zavadovsky** is a resident of Leon County, Florida, and a citizen of the United States. Boris Zavadovsky is not a public figure.

22. **Elena Dvoinik** is a resident of Leon County, Florida, and a citizen of the United States. Elena Dvoinik is not a public figure.

## DEFENDANTS

23. **Kimberly Cheatle** is Director of USSS. As Director, Defendant Cheatle is the chief administrative officer of USSS and has supervisory authority over all of the United States Secret Service activities under the USSS Act. Defendant Kimberly Cheatle is responsible for all the day-to-day USSS operations.

24. **John Doe, unknown USSS agent** is unknown U.S. Secret Service employee who was privately contacted by her German speaking buddies, Austrian Defendants Hofflinger and Rolff and conducted moonlight job for them using the USSS email and resources, through aiding them in defamation, fraud and Plaintiffs' (former U.S. governmental U.S. Army employee Boris Zavadovsky and his wife) malicious persecution in Austria, conducted "investigations" of Plaintiffs medical treatments in Florida and New York, disseminated defamatory information, contained Plaintiffs personal data, to NY and Florida persons, conveyed the inaccurate false information to Rabl and Hoflinger, foreign officers, which was used for Plaintiffs persecution.

25. **Susanne Hoflinger,** Austrian citizen, Austrian law ranking police officer.

26. **Mario Rabl,** Austrian citizen, Austrian law ranking police officer.

## FACTUAL ALLEGATIONS

27. On October 1, 2021, Defendants Rabl and Hoflinger, law ranking Austrian police officers, privately contacted from Lower Austria, Austria, via cellphone or videoconference, their buddy, native German Defendant John Doe, USSS employee, in Washington D.C., and conveyed the information, which they knew was false, that they are allegedly investigating in Lower Austria tax evading and insurance fraud against two individuals with Russian national origin, U.S. lawful permanent residents Zavadovsky and Dvoinik, who allegedly produced

false invoices, bills, receipts of U.S. medical doctors and used them for

committing tax evading and insurance fraud.

28. Defendants Rabl and Hoflinger south the assistance in their alleged Austrian

investigations and sent an e-mail to Defendant Doe, *see* **EXHIBIT [7]**,

contained the following request:


Hello XXX

As discussed, we are sending you the list of invoices, xxxxxxxxxxx to be submitted in order to enrich [him/her]self unlawfully.

We have filed xxxxx the invoices of each individual "institution" (e.g. Nathan Hershkowitz NY University, Hotel Beacon, …), or each invoice issuer, in a separate folder and assigned a consecutive number {e.g. NH1 for Nathan Hershkowitz, NYU 1 for NY University, HB 1 for Hotel Beacon, …) for each individual invoice to facilitate allocation.

You can find the list in the Excel file "Listing (IT Media)". The invoices are named according to the consecutive number of the listing and are located in the responsive folders, which are named after the institutions.

**We ask you, as far as possible, to contact the institutions or invoice issuers located in the USA and ask whether these invoices were actually issued by them. If not, we know that the defendants produced the invoices themselves in order to submit them to the tax authorities (tax equalization) and respective insurance companies.**

The institutions located in the USA are the following {all listed in "Listing (IT Media}":

Barnes&Nobles

Department of Orthopedic Surgery

Edward Beiner

Hospital for Joing Diseses

Interfait Medical Center

Hotel Beacon

Landstuhl Regional Medical Center (located in Germany, but U.S. hospital)

Nathan Hershkowitz

New York University

Furthermore, I ask you to clarify whether the prescriptions marked in red in the Excel
file under "Doctor's prescriptions" were actually issued by the respective listed doctors
(xxxxxxxxxxxxxxx) of the US Army.

Xxxxx

You can always contact me by mail or phone if you have any questions.

Thank you for support!

Best regards,

Landespolizeidirection Niederösterreich

Landeskriminalamt NÖ

EB 05-Ermittlungsbereich Betrug

Mario Rabl

29. Defendants Rabl and Hoflinger transmitted also to John Doe self-produced
electronically stored files, contained some authentical Plaintiffs personal data,
which Defendants Rabl and Hoflinger had stolen from hacked Plaintiffs e-mails
and internet accounts earlier.

30. Defendants Rabl and Hoflinger had a retaliation motive because of Plaintiffs'
multiple complaints, against them which Plaintiffs filed with Austrian
authorities in July-October 2021.

31. Defendants Rabl and Hoflinger deceived Defendant John Doe, claiming that
they allegedly acted "on behalf of Lower Austrian police" in scope of alleged
criminal investigations against Plaintiffs due to suspicion in tax evading and
insurance" because neither Austrian police nor any other authority in Austria or
anywhere else investigated insurance fraud and tax evading against Plaintiffs.

32. Defendants Rabl and Hoflinger did not perform any request for mutual police
assistance under U.S.-Austrian MLAT (1995) or U.S.-E.U. MLAT (2003.)

33. Defendant John Doe relied on Defendants' Rabl and Hoflinger false statements because she classified the Plaintiffs as "suspicious class" – persons with Russian origin.

34. Defendant John Doe did not demand the official request for assistance and agreed to serve Defendants Rabl and Hoflinger.

35. Defendant John Doe known or should had known, as it is clear from the EXHIBIT's [7] plain text alone, that Defendants Rabl and Hoflinger are law ranking police officers of foreign sovereign, Austria.

36. Defendant John Doe known or should had known that she has no power to serve or assist foreign police officers and gather information about former U.S. government employee for foreign officers directly, without official order of U.S. Central Authority, Attorney General, and her aiding to the foreign police officers would be a violation of 18 U.S.C. § 793.

37. Defendant John Doe known or should had known that the requested assistance was out of scope of external perimeter of USSS power and authority and the John's Doe duty under the USSS Act.

38. Defendant John Doe contacted some U.S. persons, listed above in ¶ 28, she contacted at least on November 16, 2021, "Hotel Beacon" in New York, transmitted the information, contained Plaintiffs personal data to "Hotel Beacon", See EXHIBIT [7].

39. At least on November 17, 2021, Defendants John Doe transmitted the gathered information to foreign police officers, Rabl and Hoflinger.

40. On January 21, 2021, Defendant Rabl reported to Austrian police the deliberately false information, based on the information, which the defendant John Doe had been gathering for Rabl and Hoflinger (see EXHIBIT [1]):

**Barnes & Noble** (abbreviation listing: BN) Barnes & Noble is a bookselling company from the USA, where high-priced, medical literature is available. According to Barnes&Noble, the invoices found are probably forgeries, although further information will only be given upon presentation of a court order.

**Department of Orthopedic Surgary** (abbreviation list: DOOS): The Department of Orthopedic Surgery is a department of New York University, which offers, among other things, education and training in the medical field. In the case of invoices found, NYU has stated that no World files are used to issue invoices. Thus, the invoices found are forgeries.

**Edward Beiner** (abbreviation list: EB): Edward Beiner is an optician from the USA. According to Edward Beiner the invoices EB1, EB3, and EB5 are forgeries. The invoices EB2 and EB4 are genuine. More information on Edward Beiner's invoices; see item "Insurance fraud".

**Hospital for Joint Diseases** (HFJD): The Hospital for Joint Diseases is also a division of New York University. Again, it was communicated that no invoices will be issued in Word. Thus, these invoices are forgeries.

**Interfaith Medical Center** (abbreviation list: IMC): Interfaith Medical Center is a hospital in New York. Several questions concerning the invoices were not answered.

**Hotel Beacon** (abbreviation listing: HB): The Hotel Beacon is established in New York. According to the hotel, the invoices found are fakes.

**Landstuhl Regional Medical Center** (abbreviation list: LRMC): The Landstuhl Regional Medical Center is a military hospital of the US Army in the Federal Republic of Germany, where Boris Zavadovsky worked as a Medical Officer from 01.02.2003 to 31.03.2017. The LRMC1 invoice is not a forgery.

**Nathan Hershkowitz** (abbreviation: NH): Nathan Hershkowitz runs a dental practice in New York. Several inquiries regarding the invoices remained unanswered. It was merely stated that information would only be provided by judicial order.

**New York University** (abbreviation: NYU): New York University is a university established in New York City, which also offers education and training in the medical field. According to NYU, all invoices submitted are fakes.

41. On May 16, 2022, Plaintiffs filed the civil extraterritorial RICO complaint

*Dvoinik v. Philipp*, M.D. Fla, against Rabl, Hoflinger, et. al. with the Middle

District Court of Florida for theft, extortion attempt and tampering with the victims. (Dismissed as barred by state doctrine, 11th CA affirmed.)

42. On July 8, 2022, after receiving the summons and complaint as in ¶ 41; Defendants' Rabl and Hofflinger RICO co-conspirator and co-defendant in *Dvoinik v. Philipp*, Gunda Ebhart initiated in Austria a criminal investigation based on Rabl's report as in ¶ 40; see EXHIBIT [10].

43. Plaintiffs' Austrian former attorney, Norbert Haslhoffer, warned Plaintiffs that Defendant Rabl placed Plaintiffs on the Austrian wanted list and if they come to Austria, they will face a malicious persecution and it would be danger for their life and liberty.

44. Plaintiffs refrained from travel to Austria.

45. Plaintiffs were unable to use and to trespass to their Austrian house and to maintain it.

46. Plaintiffs were not able to pay a mortgage for the house, see *Dvoinik v. Austria*, 8:22-cv-01700, M.D. Fla..

47. The house was foreclosed, and Plaintiffs suffered harm in ca $750 000.

48. On October 28, 2022, EXHIBIT [2], Defendants Rabl and Hoflinger filed with the Middle District Court of Florida their sworn affidavits claiming, "no business or any other contacts with U.S., Florida and/or U.S. persons."

49. On December 28, 2022, Plaintiffs filed the Defamation complaint against Rabl and Hoflinger for IX counts, as in ¶ 40. See *Dvoinik v. Rabl*, 1:22-cv- 24226, S.D.Fla. (Dissmissed for lack of personal jurisdiction, the appeal 24-10753, is pending in 11th CA.)

**50.** On March 30, 2023, and in *Dvoinik v. Rabl*, S.D. Fla. and on April 24, 2023, in *Dvoinik v. Philipp, M.D. Fla*. Mario Rabl and Susanne Hoflinger stated to the courts in their sworn affidavits: **"Contacts [as in ¶ 40] were not performed by me [Rabl, Hoflinger], but were performed by a U.S. agency on the basis of a request of mutual international police assistance submitted by the Austrian authority."**

51. The statement in ¶ 50 is deliberately false.

52. Defendants' counsel, Florida bar attorney Dale Webner[4] threatened to the Plaintiffs with Austrian and U.S. Secret Service reprisals and demanded to withdraw all complaints against Austrian individuals and the Republic of Austria. The plaintiffs refused to withdraw.

---

[4] Florida Attorney Dale Webner was hired for representation of Rabl, Hoflinger, other 14 Austrian defendants - individuals (including Vienna private attorney Philipp), and the Republic of Austria itself in all related cases, by the president of Austrian Finanzprokuretur, Wolfgang Peshorn. Austrian Ministry of Justice, Austrian Ministry of Foreign Affairs, Austrian Ministry of Interior (in violation of Austrian and anti-money laundering Law) paid to Attorney Webner and to co-counsel, Florida bar attorney Elke Rolff from their Austrian governmental accounts for all simultaneous representation of all Austrian defendants in all Plaintiffs U.S. civil cases. See pending *Zavadovsky v. Peshorn*, 292024CA004077A001HC, 13th Circuit Court, Fla. *See also* EXHIBIT [3].

53. Defendants Rabl and Hoflinger and their attorney Webner have been refusing to name the U.S. agency as in ¶ 50. They did not provide any evidence or documents to support their statement.

54. Defendants' Rabl and Hoflinger attorney Webner confirmed, that Austrian Central Authority did not request an assistance by U.S. DOJ.

55. Defendants Rabl and Hoflinger made to the U.S. district courts multiple defamatory false statements in 2022-2023 as follows:

56. to the Middle District Court of Florida in <u>Dvoinik et al v. Philipp et al</u>, 8:22-CV-01127, ECF [77] on page 13 ¶ 2:

> To summarize the Affidavits of Defendants Rabl and Susanne Hoflinger:
> They are citizens and residents of Austria.
> They have never been to the State of Florida
> They have never been to the U.S.
> Everything they did in relation to Plaintiff was done in the performance of their official duties as police officers.
> They did NOT make any of the Florida and other U.S. contacts alleged in ¶¶94 and 99 of the Second Amended Complaint.
> They did NOT conduct any investigative activities in Florida.
> Any contacts were performed by U.S. authorities on the basis of a request for mutual international police assistance

57. to the Southern District Court of Florida in <u>Dvoinik et al v. Rabl et al</u>, 1:2022-CV-24226, ECF [20] on page 6 ¶ 2:

> Defendants file herewith as Exhibits 2 and 3 their Affidavits, in which they aver not only no personal or commercial contacts of any type with Florida or anywhere in the U.S., but also that they did NOT make any of the contacts with the Florida persons and entities alleged in the Complaint, but instead that all such contacts "were performed by a U.S. agency on the basis of a request for mutual international police assistance submitted by the competent Austrian authority.

58. to the Southern District Court of Florida in <u>Dvoinik et al v. Rabl et al</u>, 1:2022-CV-24226, ECF [20] on page 7 ¶ 2:

For now, Defendants will rely on their Affidavits, which alone are sufficient. They are submitted, not on the merits, but solely to challenge the jurisdictional allegations.

59. to the Southern District Court of Florida in <u>Dvoinik et al v. Rabl et al</u>, 1:2022-CV-24226, ECF [22] on page 3 ¶ 3:

Affidavits: Defendants filed Affidavits stating specifically that: (1) they had no contact with the state of Florida, (2) made none of the alleged investigation contacts in Florida or any other states, (3) all investigative contacts in Florida and other states were performed through U.S. and Austrian authorities with international letters rogatory, and (4) everything they did was part of their official Austrian police duties.

60. to the Southern District Court of Florida in <u>Dvoinik et al v. Rabl et al</u>, 1:2022-CV-24226, ECF [39] on page 13 ¶ 3:

In fact, as stated in their Affidavits, Defendants did request investigation assistance through another Austrian international police cooperation law. That other law was the Federal Law Regarding the International Police Cooperation (Police Cooperation Act – PolKG), which should be known to Plaintiffs and which will be translated and provided for the Court, if necessary.

61. to the 11th Circuit Appeal Court in Dvoinik et al v. Philipp et al, 0:2023prici12-240, on page 8, ¶ 2, ECF [17]:

In addition to those facts, Appellees filed unrebutted Affidavits to support their objections to both subject matter and personal jurisdiction. Appellants attached Appellees Rabl's and Susanne Hoflinger's Affidavits in their Appendix at App.

62. to the 11th Circuit Appeal Court in Dvoinik et al v. Rabl et al, 0:2024prici10-753, on page 13, ¶ 1, ECF [13]:

To support the Motion to Dismiss for Lack of Personal Jurisdiction, including the fact that neither Defendant had ever been to the state of Florida and that neither Defendant had personally conducted any of the nine alleged investigative contacts in Florida or other states, Defendants filed Affidavits with the Motion to Dismiss (Apps. 20-2 and 20-3, respectively), in which they stated: I am a resident and citizen of the Republic of Austria. I have never been to the State of Florida. Everything that I did in relation to the Plaintiffs was done in the performance of my official duties as a police officer in Austria. I did NOT transmit any information about Plaintiffs to any third parties in the U.S. as alleged in [¶4 and ¶5] of the Complaint I did NOT conduct any private detective activities or transact any business in the

State of Florida. I did NOT alone or in complicity with Defendant [Rabl or Hoflinger] contact via cell phone, other phone, email, or by any other means nor send anything pertaining to Plaintiffs to (describing each contact with specificity). Contacts with any of the entities alleged in Counts I to IX of the Complaint were performed by a U.S. agency on the basis of a request for mutual international police assistance.

63. to the 11th Circuit Appeal Court in Dvoinik et al v. Rabl et al, 0:2024prici10-753, on page 10, ¶ 1, ECF [13]:

> Accordingly, without any rebuttal of their Affidavits, Defendants rested their case and did not pursue the subpoenas to further prove the truth of no contacts in Florida that Plaintiffs "strongly opposed".

64. to the 11th Circuit Appeal Court in Dvoinik et al v. Rabl et al, 0:2024prici10-753, on page 17, ¶ 2, ECF [13]:

> BASED ON THEIR UNREBUTTED AFFIDAVITS THAT THEY HAVE NEVER HAD ANY CONTACT WITH FLORIDA AND THAT THEY DID NOT CONDUCT THE ALLEGED INVESTIGATION CONTACTS IN FLORIDA, DEFENDANTS WERE NOT SUBJECT TO THE PERSONAL JURISDICTION OF THE COURT.

65. to the Southern District Court of Florida in Dvoinik et al v. Rabl et al, 1:2022-CV-24226, ECF [53] on page 19 ¶ 1:

> It was then and has again been confirmed by Defendant Rabl and the U.S. Secret Service that the investigations in Florida and other states were conducted by the Secret Service, not Defendants.

66. to the Southern District Court of Florida in Dvoinik et al v. Rabl et al, 1:2022-CV-24226, ECF [57] on page 4 ¶ 1:

> Secret Service has confirmed that they, not Defendants, personally conducted the subject investigations, and Counsel understands that they are in the process of taking steps to correct the erroneous or incomplete FOIA letters, which upon receipt Defendants and Counsel will file in this Court." Dvoinik v. Rabl, 1:2022cv24226, S.D.Fla.(2023), ECF [57], p. 4, ¶

67. to the Southern District Court of Florida in Dvoinik et al v. Rabl et al, 1:2022-CV-24226, ECF [63] on page 3 ¶ 1:

> Plaintiffs now argue that there were "NO RECORDS" regarding inquiries about Plaintiffs by Defendants and the others (not the Secret Service). We need to stop

right here. Plaintiffs' "NO RECORDS" argument is directly contrary to the allegations in the Complaint and continuous arguments that the Defendants personally and directly contacted the Beacon Hotel to investigate Plaintiffs.

68. On November 9, 2023, EXHIBIT [E3], the Defendants co-counsel Elke Rolff stated at the first time in her sworn affidavit to the Southern District Court of Florida that "U.S. agency" as in ¶ 50, 56-67; appears to be the U.S. Secret Service.

69. On December 14, 2023, EXHIBIT [4], Plaintiffs requested under FOIA Act by USSS all information, which can be related to them, to any alleged investigations about them including investigations as in ¶ 40; and received the response: "NO RECORDS."

70. However, on January 5, 2024, Plaintiffs received an additional e-mail from USSS, stating that they discovered some files. EXHIBIT [5].

71. On **January 10, 24,** EXHIBIT [6], Defendants' Rabl and Hoflinger's attorney Webner filed with the Southern District Court of Florida a notice, where he stated:

72. "It was then and has again been confirmed by Defendant Rabl and the U.S. Secret Service that the investigations in Florida and other states were conducted by the Secret service, not Defendants. . . . Finaly, and most importantly, the U.S. Secret Service has confirmed that they, not Defendants [Rabl, Hoflinger] personally conducted subject investigations [as in ¶ 44]."

73. **On January 10, 2024**, EXHIBIT [6] Mr. Webner filed with the S.D. Fla. the copy of correspondence between Defendants Rabl, Hoflinger and unknown German speaking agent John Doe.

74. The fact that Defendants' Rabl and Hoflinger made against Plaintiffs defamatory statements to third party (Defendant Doe) via e-mail and cellphone in Washington D.C. plaintiffs learned at the first time on **January 10, 2024.**

75. Before this date Defendants Rabl and Hoflinger maliciously concealed this fact from Plaintiffs acting in bad faith in civil litigations in M.D.Fla. and S.D.Fla.

76. On the same day, on January 10, 2024, USSS notified Plaintiffs that discovered files, which potentially could match to the Plaintiffs FOIA request are discovered and cannot be revealed under the "investigation immunity exception." See EXHIBIT [8].

77. Plaintiffs filed an appeal on February 16, 2024, where they claimed that they have been continuing to suffer harm, which is proximately causal to the USSS, since the Austrian authorities have been continuing to accuse Plaintiffs in offences, allegedly based on USSS investigations in U.S., Florida, New York and Germany, against Plaintiffs and allegedly existing USSS official report to the Austrian authorities. (Austrian authorities are unable to provide this report to Plaintiffs, although they MUST under the Austrian Law.) Plaintiffs also filed

the USSS employee misconduct report on February 18, 2024. EXHIBIT [9].

Plaintiffs appeal was denied on May 17, 2024.

78. USSS omitted to respond Plaintiffs misconduct report, omitted to investigate, omitted to prevent the further causation of harm to Plaintiffs.

79. In the EXHIBIT [11]. Plaintiffs provide the responses on the subpoena's duces tecum from 3 U.S. persons from 9, listed in ¶ 40. All three answered on the request to provide all information about all inquiries concerning Boris Zavadovsky by Rabl, Hoflinger, Austrian police or any U.S. authority or any person, with "NO RECORDS".

## CAUSES OF ACTION

### I. Violation of Plaintiff's Fifth Amendment Right to be equally protected under the Law free from discrimination.

### Against government Defendants Kimberly Cheatle and Unknown USSS agent John Doe.

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388)(1971))

80. Plaintiffs repeat and reallege each of the allegations contained in paragraphs ¶¶ 3;4;6;7;11;16;33;34;38;39;42;43;46;47;78 of this Complaint.

81. Plaintiffs have no adequate or speedy remedy at law to correct the deprivation of their rights by Defendants.

82. Defendants' actions, as set forth above, do not serve any legitimate or compelling state interest and are not narrowly tailored to serve any such interests.

83. Defendants Rabl and Hoflinger contacted Defendant John Doe privately without official request under U.S. -AUSTRIAN MLAT (1995) or under U.S. - EU MLAT (2003.), without any participation of Austrian Central Authority or U.S. Central Authority and asked for aiding in fraud and malicious prosecution.

84. The Defendants' Rabl and Hoflinger request was obviously unlawful, and it was known or should be known to Defendant Doe.

85. Defendant Doe agreed to assist Austrian police officers due to her hate to the class of persons "persons with national origin distinct from U.S. or German-speaking European countries", especially hate to persons who were born in Russia.

86. The U.S. Secret Service has no power and no authority to conduct requested investigations. This fact was known or should have been known to Defendant Doe.

87. Federal government has no power to exercise its authority on the state level.

88. The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

89. Under the circumstances, any reasonable prudent person—as well as an average U.S. Secret Service agent—in the Defendant's John Doe shoes could not reasonably suspect that Plaintiffs Elena Dvoinik and Boris Zavadovsky conducted any action, which could be investigated under the 18 U.S. Code § 3056 or was in any way subject to powers, authorities, and duties of United States Secret Service.

90. Under the circumstances, any reasonable prudent person—as well as an average law enforcement officer—in the Defendant's John Doe shoes could not reasonably suspect that Plaintiffs Elena Dvoinik and Boris Zavadovsky committed any offence or misconduct.

91. The Defendant John Doe had known or should had known, that she aids to Defendants Rabl and Hoflinger in malicious persecution against Plaintiffs.

92. Although the request was obviously unlawful, Defendant Doe agreed to act because of Plaintiffs' Russian national origin and hate to persons, whose origin is not U.S., Germany or Austria.

93. Plaintiffs suffered reputationally and monetary harm (malicious prosecution in Austria, defamation), loose their Austrian real estate property and income. Plaintiffs harm is fairly tracible to Defendants Doe and Cheatle.

94. Plaintiffs will be most likely redressed if the Court will enter a decision in their favor.

95. **THEREFORE,** Defendant John Doe intentionally violated Plaintiffs' equal protection rights. Defendant Cheatle is liable for violation of Plaintiffs equal protection rights because she omitted to control and to supervise USSS employee, German speaking agent John Doe, and omitted to investigate her misconduct, after the Plaintiffs report from February 18, 2024.

## II.    Violation of Plaintiff's Fifth Amendment Right of due process.

### Against government Defendants Kimberly Cheatle and Unknown USSS agent John Doe.

(*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388)(1971))

96. Plaintiffs repeat and reallege each of the allegations contained in paragraphs ¶¶ 3;4;6;7;11;16;35;36;37;38;39;42;43;46;47;78;of this Complaint.

97. Plaintiffs have no adequate or speedy remedy at law to correct the deprivation of their rights by Defendants.

98. Defendants' actions, as set forth above, do not serve any legitimate or compelling state interest and are not narrowly tailored to serve any such interests.

99. Defendant Doe investigated against Plaintiffs in Florida and New York without reasonable suspicion of any Plaintiffs criminal activity.

100.    Defendant Doe unlawfully served, without directions of U.S. Central Authority, as a foreign agent foreign Austrian police officers, gathered information for them and aided in Plaintiffs malicious persecution in Austria.

101.    Plaintiffs were never notified about this process and had no opportunity to defend themselves from unreasonable invasion of USSS and Austrian agents, actions of federal government and foreign police officers.

102.    Plaintiffs harm is fairly tracible to Defendants Doe and Cheatle.

103.    Plaintiffs will be most likely redressed if the Court will enter a decision in their favor.

104.    **THEREFORE,** Defendant John Doe intentionally violated Plaintiffs' right on due process. Defendant Cheatle is liable because she omitted to control and to supervise USSS employee, German speaking agent John Doe, and omitted to investigate her misconduct, after the Plaintiffs report.

**III.    Violation of Plaintiff's Fifth Amendment Right of liberty to exercise Plaintiffs fundamental right on privacy.**

**Against government Defendants Kimberly Cheatle and Unknown USSS agent John Doe.**

(*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388)(1971))

105.   Plaintiff repeats and realleges each of the allegations contained in paragraphs ¶¶ 3;4;6;7;11;16;35;38;39;42;43;46;47;78 of this Complaint.

106.   Plaintiffs have no adequate or speedy remedy at law to correct the deprivation of their rights by Defendants.

107.   Defendants' actions, as set forth above, do not serve any legitimate or compelling state interest and are not narrowly tailored to serve any such interests.

108.   Defendant John Doe using the recourses of her employer interfere with Plaintiffs relationships with U.S. persons, disseminated defamatory information about Plaintiffs and violated their right to be leave in peace.

109.   Plaintiffs suffered reputationally and monetary harm (malicious prosecution in Austria, defamation), loose their property and income. Plaintiffs harm is fairly tracible to Defendants Doe and Cheatle.

110.   Plaintiffs will be most likely redressed if the Court will enter a decision in their favor.

111.   **THEREFORE,** Defendant John Doe intentionally violated Plaintiffs'

fundamental right on privacy and to be leave in freedom. Defendant Cheatle is

liable because she omitted to control and to supervise USSS employee, German

speaking agent John Doe, and omitted to investigate her misconduct, after the

Plaintiffs report.

## IV.   FRAUD.

### Against Defendants Mario Rabl and Susanne Hoflinger.

112.   Plaintiff repeat and reallege each of the allegations contained in paragraphs

¶¶ 1;2;5;6;7;27;28;29;30;31;32;33;34;40;42;43;46;47 of this Complaint.

113.   Defendants Rabl and Hoflinger conducted on October 1, 2021 a false

representation of the material fact through contacting—via telephone or

videoconference in Washington D.C.—their buddy, German speaking USSS

agent John Doe, deliberate falsely claiming that Rabl and Hoflinger are

allegedly investigating the Plaintiffs' tax evading and insurance fraud,

transmitted to her (John Doe agent) the self-made Microsoft WORD and

EXCEL files with listings of some receipts, invoices, bills contained Plaintiffs

personal data, stolen from their hacked emails, and made defamatory statement:

<u>"We ask you, as far as possible, to contact the institutions or invoice issues</u>

<u>located in the USA and ask whether these invoices were actually issued by</u>

<u>them. If not, we know that the defendants [Zavadovsky, Dvoinik] produced the invoices themselves in order to submit them to the tax authorities (tax equalization) and respective insurance companies."</u> Defendants Rabl and Hoflinger made their statements to John Doe with knowledge that they are false as follows:

114.   Neither Austrian police nor other Austrian Authority investigated Plaintiffs' alleged tax evading or insurance fraud, search warrant for Plaintiffs' computer search were never issued and never affirmed by the Austrian court, as the Austrian Law (Criminal Procedure Code) required. Plaintiffs were physically present in Florida, where they have been domiciling since January 2021, when Rabl and Hoflinger unlawfully hacked Plaintiffs e-mails and internet accounts. Plaintiffs did not forge any receipts, invoices, bills. The invoice of Miami Optometrist was authentical because Plaintiffs were medically treated in Miami on June 6, 2019, and paid with their credit card $1518 at that day. It is absolutely impossible to deceive any tax authority using the receipts from 2004 (20 years old). Plaintiffs never claimed the tax deduction for the receipts, invoices, and bills, produced by Defendants Rabl and Hoflinger.

115.   As a result, USSS agent, Defendant John Doe relied on defendants' Rabl and Hoflinger, believed that Plaintiffs are criminals (because they have not U.S. national origin), conducted unlawful investigations in Florida and New York,

contacted U.S. persons and entities, inaccurately obtained some information and recklessly transferred this information on Defendants Rabl and Hoflinger. Rabl and Hoflinger maliciously used received from John Doe agent information against Plaintiffs, placed them on Austrian wanted list and caused them significant harm in form of monetary damages (loss of income, loss of Austrian property) and reputational harm.

116.   Defendants have been continuing to accuse Plaintiffs, as it is stated above, and are continuing to cause them harm.

117.   **THEREFORE**, Defendants Hoflinger and Rabl is liable for common law fraud against Plaintiffs.

## III. DEFAMATION.

### Against Defendants Mario Rabl and Susanne Hoflinger.

118.   Plaintiff repeats and realleges each of the allegations contained in paragraphs ¶¶

1;2;5;6;7;9;10;11;12;14;27;28;29;30;31;32;40;42;43;48;50;51;55;56;57;58;59;6 0;61;62;63;64;65;66;67;72;74 of this Complaint.

119.   Plaintiffs did not produce any false invoices, bills, receipts of U.S. persons and entities, did not evade taxes, did not deceit insurance companies or attempted to do so.

120.    Defendants Rabl and Hoflinger made at the **first time on October 1, 2021**, to the Defendant John Doe false and defamatory statement concerning Plaintiffs, as it is explained above, while being not privileged, with the intent to retaliate, to harm Plaintiffs' reputation and to receive aiding in fabricating false evidence of Plaintiffs' alleged criminal activity. Defendants Rabl and Hoflinger had purpose to maliciously accuse Plaintiffs in offences in Austria in the offences that Plaintiffs did not commit. As a result, Defendants Rabl and Hofflinger obtained some information that they sought, maliciously falsely accused Plaintiffs in offenses in Austria, placed Plaintiffs on wanted list and caused harm to the Plaintiffs with Damages over $7000 000. Plaintiffs learned about the participation of U.S. Secret Service at the first time on the **November 9, 2023**, and learned about method of making the defamatory statement on **January 10, 2023**. **On January 10, 2023**, Defendants Rabl and Hoflinger repeatedly made a deliberately false statement concerning the Plaintiffs to the Southern District Court of Florida.

121.    Defendants Rabl and Hoflinger have been continuing to spread defamatory information about alleged Plaintiffs "falsifications and fraud in U.S." . Plaintiffs have been continuing to be placed in wanted list in Austria and to suffer reputational harm.

122. **THEREFORE,** Defendants Hoflinger and Rabl is liable for common law defamation against Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff ask this Court to enter judgment against Defendants and to provide the following relief:

A. A preliminary and permanent injunction ordering Defendants Cheatle and Doe, sued in their official capacities, their agents, officials, servants, employees, and any other persons acting on their behalf, to stop their invasion of Plaintiffs' privacy in all States and to stop all investigations against Plaintiffs due to the lack of reasonable suspicious against Plaintiffs, lack of USSS power to conduct such investigations; and to provide to Plaintiffs all documents pertaining Plaintiffs being on files at U.S. Secrete Services under the FOIA Act.

B. A declaratory judgment that all Defendant's Doe investigations against Plaintiffs and their results in Florida and New York are void.

C. A declaratory judgment that Defendants' Cheatle and Doe classification of Plaintiffs as "persons with foreign origin" and Defendants Cheatle's and Doe's further actions and omitting conducted on the ground of Plaintiffs' foreign origin violated Plaintiffs rights to be equally protected under the

Fifth Amendment from unreasonable invasion of privacy based on their foreign national origin.

D. A declaratory judgment that Defendants' Cheatle's and Doe's actions and omitting, conducted out of external perimeter of Defendants' duty, resulted to violation of Plaintiffs Fifth Amendment right of liberty to exercise Plaintiffs fundamental right on privacy.

E. A declaratory judgment finding Defendants Hoflinger and Rabl liable for fraud and defamation.

F. A judgment awarding Ms. Dvoinik and Mr. Zavadovsky nominal and compensatory damages for the violation of Ms. Dvoinik's and Mr. Zavadovsky's Fifth Amendment rights of not less than $7000000, or in such additional amount to be proven at trial, from Defendants Cheatle and Doe jointly and severally.

G. A judgment awarding Ms. Dvoinik and Mr. Zavadovsky compensatory damages for fraud, defamation, aiding and abetting fraud and defamation, of not less than $7000000, or in such additional amount to be proven at trial, from Defendants Hoflinger and Rabl jointly and severally.

H. A judgment awarding Ms. Dvoinik and Mr. Zavadovsky punitive damages to the maximum extent permitted by the laws of this Commonwealth, from Defendants Rabl and Hoflinger jointly and severely.

I. Plaintiffs' reasonable attorneys' fees (if any), costs, and other costs and disbursements in this action.

J. All other relief to which Plaintiffs may be entitled.

Respectfully submitted on July 9, 2024.

ELENA DVOINIK

BORIS ZAVADOVSKY

1413 CRESCENT HILLS DR,

Tallahassee, FL, 32303

Telephone: (347)671-57-53

Elena.dvoinik@yahoo.com

## VERIFICATION 1

Pursuant to 28 U.S.C.n §1746, I, BORIS ZAVADOVSKY, declare under penalty of perjury, that I have personal knowledge contained in paragraphs of the Complaint and that the allegations contained therein are true and accurate.

Executed on July 8, 2024.

BORIS ZAVADOVSKY

## VERIFICATION 2

Pursuant to 28 U.S.C.n §1746, I, ELENA DVOINIK, declare under penalty of perjury, that I have personal knowledge contained in paragraphs of the Complaint and that the allegations contained therein are true and accurate.

Executed on July 8, 2024.

ELENA DVOINIK_____